IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

FILED
MAR 17 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JT'S FRAMES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> JESSE CASARES, JOE CASARES, PATRICIA BEZABALETA a/k/a PATRICIA ZABELETA and JOHN DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No.: ) ) ) **CLASS ACTION** ) ) ) **16cv2504** ) ) ) ) ) |

### DEFENDANT PATRICIA BEZEBALETA'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT

NOW COME Defendant, PATRICIA BEZABALETA a/k/a PATRICIA ZABELETA ("Defendant"), and submits this Answer and Affirmative Defenses to Complaint, and in support would show the Court the following:

### PRELIMINARY STATEMENT

1. This case challenges Defendant's practice of sending unsolicited facsimiles.

    **ANSWER**: Defendant denies that she is engaged in the practice of sending unsolicited facsimiles.

2. The Federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The JFPA

1

provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile transmissions of an unsolicited advertisement between September 20, 2015, and October 6, 2015 ("the Fax"), a true and correct copy of which is attached hereto as Exhibit A, and made a part hereof. The Fax describes the commercial availability or quality of Defendant's products, goods, and services. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

**ANSWER**: Defendant admits that the Plaintiff seeks relief under JFPA, but Defendant denies that Plaintiff is entitled to any such relief with respect to this Defendant, and further denies all further allegations contained in Paragraph 2.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

    **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the JFPA.

**ANSWER**: Defendant admits that Plaintiff brings this case as a class action claim asserting claims against this Defendant under the JFPA. Defendant denies that she is subject to Plaintiff's claim and class action claim.

5. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

   **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, Defendant denies she is subject to Plaintiff's claims.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

   **ANSWER**: Defendant admits that the Court has subject matter jurisdiction under the above-cited federal statutes.

7. This court has personal jurisdiction over Defendants because Defendants transact business within this judicial district, have made contacts within this judicial district, and/or have committed tortious acts within this judicial district.

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7. Defendant denies that she has committed tortious acts within this district.

## PARTIES

8. Plaintiff, JT'S FRAMES, INC., is an Illinois corporation.

   **ANSWER**: Defendant admits that Plaintiff is an Illinois corporation.

9. On information and belief, Defendants, JESSE CASARES, JOE CASARES, and PATRICIA BEZABALETA a/k/a PATRICIA ZABELETA are Texas residents.

   **ANSWER**: Defendant admits that she is a resident of Texas.

10. On information and belief Defendants JESSE CASARES, JOE CASARES and PATRICIA BEZABALETA a/k/a PATRICIA ZABELETA operate a travel agency in Texas.

    **ANSWER**: Defendant denies that she operates a travel agency in Texas.

11. JOHN DOES 1-10 will be identified through discovery, but are not presently known.

    **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

## FACTS

12. On information and belief, between September 20, 2015 and October 6, 2015, Defendants transmitted by telephone facsimile machine a facsimile to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

    **ANSWER**: Defendant denies each of the allegations contained in Paragraph 12.

13. On information and belief, Defendants receive some or all of the revenues from the sale of products, goods and services advertised on Exhibit A, and Defendants profit and benefit from the sale of the products, goods and services advertised on Exhibit A.

4

**ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Plaintiff had not invited or given permission to Defendants to send the faxes.

    **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. On information and belief, Defendants faxed the same and other unsolicited facsimiles without the required opt out language to Plaintiff and more than 25 other recipients or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express permission or invitation.

    **ANSWER**: Defendant denies that she engaged in the acts alleged in Paragraph 15.

16. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

    **ANSWER**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Defendants' facsimile attached as Exhibit A did not display a proper opt-out notice as required by 47 C.F.R. § 64.1200.

    **ANSWER**: Defendant admits that Exhibit A does not contained a proper opt-out notice; however, Defendant denies that Exhibit A is Defendant's facsimile.

## CLASS ACTION ALLEGATIONS

18. In accordance with F. R. Civ. P. 23(b)(1), (b)(2), and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

5

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, and (3) which Defendants did not have prior express permission or invitation, or (4) which did not display a proper opt-out notice.

Excluded from the Class are Defendants, their employees, agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

**ANSWER**: Defendant admits that Plaintiff purports to bring a putative class action claim on behalf of an alleged unsolicited "fax class." Defendant denies that any such putative class can be certified, denies all liability under the JFPA or otherwise, and denies the remaining allegations contained in Paragraph 18.

19. <u>Class Size (F. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

    **ANSWER**: Defendant denies the allegations contained in Paragraph 19.

20. <u>Commonality (F. R. Civ. P. 23(a)(2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law includes, but are not limited to, the following:

    a) Whether the Defendants sent unsolicited fax advertisements;

    b) Whether the Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

6

  c) The manner and method the Defendants used to compiled or obtain the list of fax numbers to which they sent Exhibit A, other unsolicited faxed advertisements, or other advertisements without the required opt-out language;

  d) Whether the Defendants faxed advertisements without first obtaining the recipient's prior permission or invitation;

  e) Whether the Defendants sent the faxed advertisements knowingly;

  f) Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

  g) Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

  h) Whether the Defendants should be enjoined from faxing advertisements in the future;

  i) Whether the Plaintiff and other members of the class are entitled to statutory damages; and

  j) Whether the Court should award treble damages.

**ANSWER**: Defendant denies the allegations contained in Paragraph 20, including all discrete sub-parts.

21. <u>Typicality (F. R. Civ. P. 23(a)(3))</u>: The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the same faxes as the faxes sent by or on behalf of the Defendants advertising products, goods and services of the Defendants during the Class Period. The Plaintiff is making the same claims and seeking the same relief for himself and all class members based upon the same federal statute. The Defendants have acted in the same or in a

similar manner with respect to the Plaintiff and all the class members by sending Plaintiff and each member of the class the same faxes.

**ANSWER**: Defendant denies the allegations contained in Paragraph 21.

22. Fair and Adequate Representation (F. R. Civ. P. 23(a)(4)): The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

**ANSWER**: Defendant denies the allegations contained in Paragraph 22.

23. Need for Consistent Standards and Practical Effect of Adjudication (F. R. Civ. P. 23(b)(1)): Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendants, and/or (b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

**ANSWER**: Defendant denies the allegations contained in Paragraph 23.

24. Common Conduct (F. R. Civ. P. 23(b)(2)): Class certification is also appropriate because the Defendants have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

**ANSWER**: Defendant denies the allegations contained in Paragraph 24.

25. Predominance and Superiority (F. R. Civ. P. 23(b)(3)): Common questions of law and fact predominate of any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a) Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

b) Evidence regarding defenses or any exceptions to liability that the Defendants may assert and attempt to prove will come from the Defendants' records and will not require individualized or separate inquires or proceedings;

c) The Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

e) This case is inherently manageable as a class action in that:

    (i) The Defendants identified persons or entities to receive the fax transmissions and it is believed that the Defendants' and/or Defendants' agents' computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

    (ii) Liability and damages can be established for the Plaintiff and the class with the same common proofs;

    (iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

    (iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**ANSWER**: Defendant denies the allegations contained in Paragraph 25, including all discrete sub-parts.

### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq.*

26. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

   **ANSWER**: Defendant admits that the above provision of JFPA is correctly cited in Paragraph 26. Defendant denies that she is subject to the above-cited provision.

27. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

   **ANSWER**: Defendant admits that the above provision of JFPA is correctly cited in Paragraph 27. Defendant denies that she is subject to the above-cited provision.

28. **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice of the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

10

1. a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2. a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxed, by advising them that their opt-out requests will have legal "teeth";

3. a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

**ANSWER**: Defendant admits that the above provision of JFPA is correctly cited in Paragraph 28. Defendant denies that she is in violation of the above-cited provision.

11

29. **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

   A. The definition of, and the requirements for, an established business relationship for the purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

   B. The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

   C. The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34);

   D. The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express permission or invitation" to receive the sender's fax (*See* 2006 Report and Order ¶ 48);

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express permission or invitation" to receive the fax nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

**ANSWER**: Defendant admits that the above provisions are correctly cited in Paragraph 29. Defendant denies that she is in violation of the above-cited provisions.

30. **The Fax.** Defendants sent the between September 20, 2015 and October 6, 2015, advertisement via facsimile transmission from telephone facsimile machines, computers, or other devises to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class. The Fax constituted an advertisement under the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Fax. The Fax was transmitted to persons or entities without their prior express permission or invitation and/or Defendants are precluded from asserting any prior express permission or invitation or that Defendants had an established business relationship with Plaintiff and the other members of the Class because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class.

**ANSWER**: Defendant denies Plaintiff's allegations contained in Paragraph 30.

31. **Defendants' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devises to telephone facsimile machines of members

of the Plaintiff Class other faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendants are precluded from asserting any prior express permission or invitation or that Defendants had an established business relationship because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants may be continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

**ANSWER**: Defendant denies Plaintiff's allegations contained in Paragraph 31.

32. The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violation of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

**ANSWER**: Defendant admits that the TCPA/JFPA provides a private right of action to bring private action and class action as so stated, and Defendant further admits that the TCPA/JFPA provides for statutory damages. Defendant denies that she has violated the TCPA/JFPA. Defendant further denies that injunctive relief is appropriate as alleged by Plaintiff.

33. The JFPA is a strict liability statute, so the Defendants are liable to the Plaintiff and the other class members even if their actions were only negligent.

**ANSWER**: Defendant denies Plaintiff's allegations contained in Paragraph 33.

34. The Defendants knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax

advertisements about the Defendants' goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendants transmitted advertisements; (d) the Faxes did not contain the required Opt-Out Notice; and (e) Defendants' transmission of the advertisements that did not contain the required opt-out notice was unlawful.

**ANSWER**: Defendant denies Plaintiff's allegations contained in Paragraph 34.

35. The Defendants' actions caused damages to the Plaintiff and the other class members. Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes used the Plaintiff's and the other class members' telephone lines and fax machine. The Defendant's faxes cost the Plaintiff and the other class members time, as the Plaintiff and the other class members and their employees wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes. That time otherwise would have been spent on the Plaintiff's and the other class members' business activities. The Defendants' faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.

**ANSWER**: Defendant denies Plaintiff's allegations contained in Paragraph 35.

## FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over this Defendant.

## SECOND AFFIRMATIVE DEFENSE

Venue is inappropriate as to this Defendant.

## THIRD AFFIRMATIVE DEFENSE

No act omission on the part of this Defendant either caused or contributed to whatever injury (if any) Plaintiff may have sustained.

### FOURTH AFFIRMATIVE DEFENSE

This Defendant is not vicariously liable for the actions of any third party who may have sent the alleged facsimiles at issue.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a TCPA/JFPA claim against this Defendant.

### SIXTH AFFIRMATIVE DEFENSE

There was no willful or knowing violation of the TCPA/JFPA or any of its regulations by this Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

No class can be certified in this case because, among other things, Plaintiff is not a typical or adequate class representative; Plaintiff lacks standing to bring a claim in its own right; the class is not objectively ascertainable; common issues do not predominate over individual issues; a class action is not the superior method of adjudicating this dispute; the putative class members are not sufficiently cohesive to merit class certification; and individual monetary damages predominate over any claimed injunctive relief for the class as a whole. It is Plaintiff's affirmative burden to establish each element of F. R. Civ. P. 23(a) and at least one subsection of 23(b) in order to certify a class. Plaintiff cannot meet its burden here under F. R. Civ. P. 23, and Defendant only pleads this affirmative defense in an excess of caution.

### RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Defendant reserves the right to supplement or amend her existing affirmative defenses and to assert any additional defenses that may be available to her now or in the future based on newly discovered facts, changes in the law, or otherwise.

## PRAYER

WHEREFORE, Defendant, PATRICIA BEZABALETA a/k/a PATRICIA ZABELETA, denies that Plaintiff is entitled to any of the relief requested in their Complaint, and further requests that judgment be entered in Defendant's favor along with payment of all costs involved in defending this claim.

Respectfully submitted,

_____
Patricia Bezabaleta (a/k/a Patricia Zabeleta)
10900 Northwest Fwy. Suites 218 & 219
Houston, Texas 77092
Tel: (832) 594-8226
Fax: N/A
E-mail: N/A
Pro Se Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the following individual(s) pursuant to applicable Federal Rules of Civil Procedure on March 16, 2016.

_____
Patricia Bezabaleta (a/k/a Patricia Zabeleta)
Defendant

**Anderson + Wanca: Brian J. Wanca / Ryan M. Kelly / Ross M. Good, Attorneys for Plaintiff**
3701 Algonquin Rd. Ste. 500, Rolling Meadows, IL 60008
Tel: (847) 368-1500 / Fax: (847) 368-1501
bwanca@andersonwanca.com / rkelly@andersonwanca.com / rgood@andersonwanca.com
Served by FedEx overnight priority shipping to Plaintiff's Attorney's address.

17