IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JT'S FRAMES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>            Plaintiff,<br><br>v.<br><br>JESSE CASARES, JOE CASARES, PATRICIA BEZABALETA a/k/a PATRICIA ZABELETA, DAVID A. OZUNA, JOHN MEDINA, MARKETECH, a Texas corporation d/b/a INTERFAX.NET and 7915 WESTGLEN LLC, AVIGDOR TESSLER, JAY M. KAMENETSKY, ORIE RECHTMAN and JOHN DOES 1-10,<br><br>            Defendants. | Civil Action No.: 1:16-cv-2504<br><br>**CLASS ACTION**<br><br>Hon. Robert M. Dow, Jr.<br><br>Magistrate Hon. Jeffrey T. Gilbert |

**PLAINTIFF'S SECOND AMENDED *"DAMASCO"* MOTION FOR CLASS CERTIFICATION AND REQUEST FOR STATUS CONFERENCE**

NOW COMES the Plaintiff, JT'S FRAMES, INC., pursuant to Fed. R. Civ. P. 23(a), (b)(3) and (g), hereby submits its Motion for Class Certification pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (holding plaintiffs "can move to certify the class at the same time that they file their complaint" and "[t]he pendency of that motion protects a putative class from attempts to buy off the named plaintiffs"), *overruled in part by Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015) (overruling *Damasco* "to the extent [it] hold[s] that a defendant's offer of full compensation moots the litigation or otherwise ends the Article III case or controversy" but not commenting on effect of a "placeholder" motion if plaintiff's individual claim becomes moot for some other reason); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (Jan. 20, 2016) (holding "an unaccepted settlement offer or offer of judgment

does not moot a plaintiff's case," and "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted").

A. **Proposed Class Definition.**

Plaintiff proposes the following class definition:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, and (3) which Defendants did not have prior express permission or invitation, or (4) which did not display a proper opt-out notice.

Defendants sent Plaintiff and others a standardized form advertisement. Plaintiff anticipates that the proposed class definition will change after discovery defines the precise contours of the class and the advertisements that were sent. Plaintiff requests leave to submit a brief and other evidence in support of this motion after discovery about the class elements has been completed.

B. **Numerosity.**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Defendants' advertisements were successfully sent to at least 40 facsimile numbers. Individual joinder of absent class members is impracticable.

C. **Commonality.**

Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied by showing "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Defendant engaged in standardized conduct involving a common nucleus of operative facts by faxing a single advertisement form to persons on a list generated by a third party, which did not obtain prior express invitation or permission to send Defendant's advertisement by fax.

**D.     Typicality.**

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendants' fax campaign. Thus, all class member claims' arise from the same transaction or occurrence.

**E.     Adequacy of Representation.**

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

**F.     Predominance.**

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

**G.     Superiority.**

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997).

## CONCLUSION

The proposed class meets the requirements of Rules 23(a), (b)(3) and (g). Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint

Plaintiff's attorneys as class counsel. Plaintiff will file its memorandum after Rule 23 discovery has been completed. The parties need to meet and confer and propose a Rule 23 discovery schedule to this Court and Plaintiff respectfully requests a status conference with the Court as soon as practicable.

             Respectfully submitted,
             JT'S FRAMES, INC., individually, and as the
             representative of a class of similarly-situated persons

             By: s/Ross M. Good
               Ross M. Good

             Brian J. Wanca
             Ross M. Good
             Ryan M. Kelly
             ANDERSON + WANCA
             3701 Algonquin Road, Suite 500
             Rolling Meadows, IL 60008
             Telephone: 847/368-1500
             Fax: 847/368-1501
             bwanca@andersonwanca.com
             rgood@andersonwanca.com
             rkelly@andersonwanca.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on February 6, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record, and a copy will be served on newly added Defendants along with the summons and First Amended Complaint, and a copy will be mailed to Defendants:

  Jesse Casares
  Joe Casares
  Patricia Bezabaleta
  10900 Northwest Freeway,
  Suites 218 & 219
  Houston, TX 77092

             s/ Ross M. Good