# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JT'S FRAMES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 16-cv-2504 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| JESSE CASARES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff JT's Frames, Inc. ("Plaintiff") brings this proposed class action against Defendants Jesse Casares, Joe Casares, Patricia Bezabaleta a/k/a Patricia Zabeleta, David A. Ozuna, John Medina, Marketech d/b/a Interfax.net, Avigdor Tessler, Jay M. Kamenetsky, and Does 1-10 for alleged violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005 ("JFPA").[1] In this opinion, the Court will refer to Defendants Marketech Corp. ("Marketech"), Avigdor Tessler ("Tessler") and Jay M. Kamenetsky ("Kamenetsky") collectively as "the Marketech Defendants." Currently before the Court is the Marketech Defendants' motion to dismiss Plaintiff's Second Amended Complaint ("SAC") for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim [46], as well as Plaintiff's motion to take limited jurisdictional discovery [67]. For the reasons explained below, Plaintiff's motion to take limited jurisdictional discovery [67] is granted and the Marketech Defendants' motion to dismiss [46] is denied without prejudice to renewal following limited jurisdictional discovery. This case is set for status hearing on March

---

[1] 7915 Westglen LLC and Orie Rechtman were also named as defendants in Plaintiff's Second Amended Complaint, but were voluntarily dismissed on June 19, 2017. See [72].

6, 2018. The parties are directed to file a proposed schedule for jurisdictional discovery no later than March 1, 2018.

**I.  Background**

Plaintiff is an Illinois corporation. Plaintiff alleges on information and belief that Marketech is a Texas corporation; that Tessler is Marketech's President and CEO and a resident of Texas; and that Kamenetsky is Marketech's Vice President of Sales and also a resident of Texas. Plaintiff alleges generally that the Court "has personal jurisdiction over Defendants," including the Marketech Defendants, "because Defendants transact business within this judicial district, have made contacts within this judicial district, and have committed tortious acts within this judicial district." [38] at 3.

In particular, Plaintiff alleges that between September 20 and October 6, 2015, a fax advertisement (the "Fax") "was transmitted to Plaintiff's fax number by Defendants utilizing a telephone facsimile machine, computer, or other device." [38] at 5; see also [38-1] (copy of the Fax). The Fax is an advertisement of a Texas travel agency (the "Travel Agency") owned and operated by Defendants Jesse Casares, Joe Casares, and Zabeleta (collectively, the "Travel Agency Defendants") promoting an "END OF SUMMER Super Sale" for a variety of vacation destinations. "The Fax transmitted successfully and a copy of it was printed from Plaintiff's fax machine, using Plaintiff's paper and ink toner." [38] at 5.

Plaintiff alleges on information and belief that Marketech is a fax broadcaster and "physically transmitted the Fax to Plaintiff." [38] at 6. Plaintiff also alleges on information and belief that Marketech "selected Plaintiff's fax number from a database of recipient fax numbers that [it] maintain[s] and use[s]" and that it "actively solicit[s] third party advertisers to compile the[] database." *Id*. Plaintiff further alleges on information and belief that Marketech

"determined the number and frequency of transmissions for the Fax," "created and w[as] responsible for the opt-out notice on the Fax," and "handled the opt-out requests for the Fax." *Id*. Plaintiff alleges that "[t]he phone number provided on the Fax for removal of fax numbers" is Marketech's number. *Id*. Plaintiff also alleges on information and belief that Tessler and Kamenetsky "had direct and personal participation in creating the opt-out notice for the Fax, handling the opt-out requests for the Fax, in the decision of sending the Fax, maintaining and using the database of recipient fax numbers to which the Fax was sent, and in determining the number and frequency of transmissions for the Fax." *Id*.

Based on these allegations, Plaintiff alleges a single claim against all Defendants for violation of the JFPA, 47 U.S.C. § 227. Plaintiff alleges that the Fax was unsolicited and that each Defendant had a high degree of involvement in sending the Fax. Plaintiff also alleges that the Fax did not have the opt-out notice that is required to maintain an affirmative defense under the JFPA.

**II.     Analysis**

The Marketech Defendants move to dismiss Plaintiff's SAC pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim. The threshold jurisdictional issues must be addressed first. See *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 744 (N.D. Ill. 2016). Because "subject-matter jurisdiction generally should be considered before personal jurisdiction," the Court will begin its analysis with the Marketech Defendants' Rule 12(b)(1) argument. *Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp*., 230 F.3d 934, 939 n.2 (7th Cir. 2000); see also *El-Khader v. Perryman*, 264 F. Supp. 2d 645, 648 (N.D. Ill. 2003).

3

## A. Subject Matter Jurisdiction

Defendants challenge Plaintiff's standing to bring a JFPA claim. A motion to dismiss for lack of standing is a challenge to the court's subject matter jurisdiction under Rule 12(b)(1). See *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012); *Jimenez v. Illinois*, 2012 WL 174772, at *2 (N.D. Ill. Jan. 18, 2012); *Smith v. GC Services Limited Partnership*, 2017 WL 2629476, at *1 (S.D. Ind. June 19, 2017). In considering a motion under Rule 12(b)(1), the Court "accept[s] as true all well-pleaded factual allegations and draw[s] reasonable inferences in favor of the plaintiff[]." *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017).

The Marketech Defendants argue that, pursuant to *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 805 (W.D. Pa. 2016), Plaintiff lacks standing to bring this suit because it is a "professional plaintiff" that has been the lead plaintiff in at least four prior TCPA cases. [47] at 14. The Marketech Defendants surmise that "Plaintiff is a junk fax litigation business that happens to sell frames on the side, rather than a frame business that has been unfortunately injured." *Id*.

*Stoops* does not compel dismissal of Plaintiff's case for lack of subject matter jurisdiction. Most obviously, it is an out-of-circuit district court case that has no precedential value here. Further, it was decided at summary judgment based on undisputed facts in the record, not on a motion to dismiss based on the Marketech Defendants' assumption that Plaintiff must be a professional plaintiff given its participation in other TCPA lawsuits. The district court in *Stoops* held that a Plaintiff who admittedly purchased cell phones and cell phone minutes for the sole purpose of receiving calls to enable her to file TCPA lawsuits did not suffer an economic "injury in fact" because "a plaintiff 'cannot manufacture standing by choosing to make expenditures based on hypothetical future harm that is not certainly impending.'" *Stoops*, 197 F.

Supp. 2d at 801 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 402 (2013)). In this case, the Marketech Defendants do not allege, nor provide any evidence that, Plaintiff purchased its fax machine and fax machine supplies simply to receive junk faxes and file JFPA claims. To the contrary, Plaintiff alleges that it received an unsolicited Fax from the Marketech Defendants, which used Plaintiff's fax paper and toner, caused wear and tear on its fax machine, and tied up its fax line. For these reasons, dismissal for lack of subject matter jurisdiction would not be warranted even if *Stoops* were binding on this Court.

### B. Personal Jurisdiction

#### 1. Legal Standard

A complaint need not allege personal jurisdiction, but once a defendant moves to dismiss on that ground, the plaintiff bears the burden of establishing that jurisdiction is proper. *Purdue Res. Found v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). As a general matter, the Court accepts as true the factual allegations relevant to jurisdiction made in the plaintiff's complaint, and draws all reasonable inferences in its favor. *Central States, Se. & Sw. Area Pension Fund v. Phencorp Reinsurance Co., Inc.*, 440 F.3d 870, 878 (7th Cir. 2006). However, to the extent that a defendant submits declarations opposing jurisdiction or contradicting the plaintiff's allegations, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue*, 338 F.3d at 783.

Where, as here, the defendant moves to dismiss a complaint for lack of personal jurisdiction "based on the submission of written materials, without the benefit of an evidentiary hearing, the plaintiff need only make out a prima facie case of personal jurisdiction." *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). The Court must "resolve all factual disputes in the plaintiff's favor." *Mohammed v. Uber Technologies, Inc.*, 237

F. Supp. 3d 719, 733 (N.D. Ill. 2017); see also *Purdue Research Found.*, 338 F.3d at 782. However, "factual assertions [that] amount only to vague generalizations or unsupported allegations" are "not enough to support personal jurisdiction." *Richter v. INSTAR Enters. Int'l, Inc.*, 594 F. Supp. 2d 1000, 1016 n.6 (N.D. Ill. 2009); see also *In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proceedings*, 136 F. Supp. 3d 968, 972–73 (N.D. Ill. 2015).

Here, Plaintiff seeks leave to take limited discovery directed to personal jurisdiction. While "[t]he Federal Rules of Civil Procedure allow liberal discovery into relevant matters, including discovery directed to personal jurisdiction," *Gilman Opco LLC v. Lanman Oil Co., Inc.*, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 24, 2014), "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Central States*, 230 F.3d at 946. "Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782-83 (N.D. Ill. 2009). "The standard is low, but a plaintiff's request will be denied if it is based only upon unsupported assertions of personal jurisdiction." *Id.* (citing *Central States*, 230 F.3d at 946).

In sum, the Court must consider whether Plaintiff "has met its burden of demonstrating the existence of general personal jurisdiction, or, alternatively, has established a prima facie case for personal jurisdiction, such that it should [be] allowed to conduct discovery." *Purdue*, 338 F.3d at 782.

### 2. Analysis

Plaintiff brings this lawsuit for violation of the JFPA. Plaintiff does not contend that there is any federal statute authorizing nationwide service of process in such cases. Thus, this

Court sitting in Illinois may exercise jurisdiction over the Marketech Defendants only if authorized both by the United States Constitution and Illinois law. *BE2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A)); *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)). The Illinois long-arm statute "permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States." *BE2 LLC*, 642 F.3d at 558; see also 735 ILCS 5/2-209(c). Thus "the state statutory and federal constitutional inquiries merge." *Tamburo*, 601 F.3d at 700.

The federal test for personal jurisdiction under the Due Process Clause of the Fourteenth Amendment authorizes a court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In other words, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The requirement that a defendant have "minimum contacts" with the forum ensures that a non-resident defendant will not be forced to litigate in a jurisdiction as a result of "random, fortuitous, or attenuated contacts" with the forum or the unilateral activity of the plaintiff; the defendant "should reasonably anticipate being haled into court" there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

"Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). In their motion to dismiss, the Marketech Defendants argue that neither type of

7

personal jurisdiction exists and submit declarations disclaiming any involvement with the Fax that Plaintiff received in alleged violation of the JFPA. In response, Plaintiff contends only that the Court has specific personal jurisdiction over the Marketech Defendants, so it is unnecessary to analyze whether general personal jurisdiction exists. Plaintiff also moves for leave to take jurisdictional discovery.

To establish specific personal jurisdiction, Plaintiff must show that its claim against the Marketech Defendants "arise[s] out of [the Marketech Defendants'] constitutionally sufficient contacts with the state." *uBid*, 623 F.3d at 425. Whether specific personal jurisdiction over a defendant exists depends on "'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). Specific personal jurisdiction exists only if "the defendant's suit-related conduct … create[s] a substantial connection with the forum State." *Id.* The "three essential requirements" for establishing specific personal jurisdiction are: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (citations omitted).

Plaintiff's SAC, viewed alone, contains allegations that make out a prima facie case for specific personal jurisdiction. The SAC alleges on information and belief that Marketech is a fax broadcaster and transmitted the Fax to Plaintiff's fax machine in Illinois. [38] at 6. It also alleges on information and belief that Marketech selected Plaintiff's fax number from its database, determined the number and frequency of transmissions of the Fax, and created and was

8

responsible for the Fax's opt-out notice. *Id.* It further alleges on information and belief that Tessler and Kamenetsky participated in all of these activities. *Id.*

However, as they are allowed to do in a Rule 12(b)(2) motion, see *Purdue*, 338 F.3d at 783, the Marketech Defendants submit declarations from Tessler and Kamenetsky denying any involvement with the Fax. In particular, Tesslor states in his declaration that Marketech does not provide any fax broadcasting services, does not maintain any "database" of intended fax recipients, and does not solicit any third party to create or maintain such a database. See [47-2] at ¶¶ 7-8. Tesslor and Kamenetsky both state in their declarations that they had no prior knowledge of business dealings or interactions with the Travel Agency Defendants and no personal participation in the design, content, or transmission of the Fax or its opt-out notice. *Id.* at ¶¶ 12-13; [47-3] at ¶¶ 9-10. According to their declarations, the Marketech Defendants did not design, handle or contribute to any "opt-out" requests because they are not involved in fax broadcasting and, to the best of Tesslor and Kamenetsky's knowledge, are not associated with the Travel Agency Defendants in any way. [47-2] at ¶¶ 7, 12, 13; [47-3] at ¶¶ 8-10. They further declare that the "877" number identified on the Fax is not a Marketech telephone number and that Marketech does not maintain any toll free numbers. [47-2] at ¶ 14; [47-3] at ¶ 11.

The Marketech Defendants also assert that Marketech does not do business as "Interfax.net." They explain that "Interfax.net" does not refer to a company, but rather to a website, www.interfax.net, which is operated by Interfax Communications Ltd., a company based in Ireland. As support, they attach a printout of the "GoDaddy" business registration for the website "Interfax.net." See [47-4] (Ex. E). However, Tessler acknowledges that a subsidiary of Interfax Communications Ltd.—Interfax US—is a customer of Marketech. [47-2] at ¶ 10.

In response to the Marketech Defendants' motion to dismiss, Plaintiff argues that it should be allowed to take jurisdictional discovery to explore the truth of Tessler and Kamenetsky's declarations, which directly contradict the SAC's allegations. Plaintiff also explains that following jurisdictional discovery (if it is allowed), Plaintiff plans to amend the SAC to add Interfax US as a defendant. Plaintiff requests leave to serve jurisdictional written discovery upon the Marketech Defendants and to depose Tessler and Kamenetsky regarding their Declarations. As evidence that the factual record is, at least, ambiguous on the jurisdiction issue, Plaintiff points to Tessler's admission that Interfax US is a customer of Marketech and to publicly available information showing that Interfax is a fax broadcaster that engages in bulk fax broadcasting; that Marketech and Interfax US share the same business address; and that Kamenetsky is the Vice President of Sales for both Marketech and Interfax. Plaintiff argues that "the foregoing will support allegations that Defendants Marketech and InterFax, working together as agents for each other and for the Travel Agency Defendants, created the fax list or lists to which Exhibit A was sent, determined the number and frequency of transmissions for the Fax, and created and were responsible for the opt-out notice," as well as that "Defendants Tessler and Kamenetsky had direct and personal participation in one of the following: creating the opt-out notice for the Fax, handling the opt-out requests for the Fax, the decision of where to send the Fax, maintaining and using the database of recipient fax numbers to which the Fax was sent, and in determining the number and frequency of transmissions for the Fax." [67] at 7-8.

After considering the parties' arguments and evidence, the Court concludes that, although it is a close call, Plaintiff should be allowed limited jurisdictional discovery to explore the Marketech Defendants' involvement (if any) with the Fax that forms the basis of Plaintiff's SAC. The Marketech Defendants deny that Marketech had anything to do with the Fax, but do not

rebut Plaintiff's allegations that "Interfax.net" was responsible for broadcasting the fax. And the Marketech Defendants' evidentiary submissions do not preclude the possibility that Marketech was doing business as—or acting as an agent for—Interfax.net, at least for some purposes, at the time the Fax was sent. The Marketech Defendants claim—without any supporting declaration—that Interfax.net is operated by Interfax Communications Ltd. But their only support is a printout from the "GoDaddy" website showing that the "Registrant Organization" for the website "Interfax.net" is "Interfax Communications Limited" in Ireland. [47-4] at 2. The fact that Interfax Communications Ltd. purportedly *registered* the Interfax.net website does not indicate, much less prove, who actually *operates* the website. Plaintiff's evidence that Interfax US and Marketech share the same address and that Kamenetsky has been the Vice President of Sales for both entities since February 2008 raises questions about the Marketech Defendants' representations that they have nothing to do with fax broadcasting. Indeed, Plaintiff attaches a copy of a Marketech news release stating that it 2017 "Marketech will attend HIMSS annual conference in Orlando, FL on behalf of InterFAX," and "[s]everal key members will be on hand to meet with customers and prospects to explain InterFAX's unique highly secured Internet faxing service[.]" [67-1] at 13. Further, Plaintiff submits a printout from the Texas Secretary of State's website showing that InterFax US was not incorporated until March 3, 2017—after Plaintiff obtained leave to file the SAC naming Marketech d/b/a Interfax.net, Tessler, and Kamenetsky as defendants—raising questions about Interfax US's legal status prior to that date. See [35] at 2.

For these reasons, the Court concludes that "the factual record is … ambiguous or unclear on the jurisdiction issue," *Ticketreserve*, 656 F. Supp. 2d at 782-83, and therefore will grant Plaintiff's motion to take limited discovery directed at personal jurisdiction. The Court denies

the Marketech Defendants' motion to dismiss for lack of personal jurisdiction, without prejudice to their ability to renew the motion following jurisdictional discovery.

### C. Failure to State a Claim

Because the threshold issue of personal jurisdiction remains unresolved, the Court "'need not and should not reach'" the Marketech Defendants' Rule 12(b)(6) motion. *Rawlins v. Select Specialty Hospital of Northwest Indiana, Inc*., 2014 WL 1647182, at *6 (N.D. Ill. 2014) (quoting *LaSalle Business Credit, L.L.C. v. GCR Eurodraw S.p.A*., 2004 WL 1880004, at *12 (N.D. Ill. Aug. 14, 2004). The Court notes, nonetheless, that the Marketech Defendants' attempt to use Tessler and Kamenetsky's declarations to contradict the SAC's allegations concerning the Marketech Defendants' role in transmitting the Fax is improper. A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint, and therefore in ruling on such a motion to Court must "'accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017) (quoting *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016)).

## VI. Conclusion

For these reasons, Plaintiff's motion to take limited jurisdictional discovery [67] is granted and the Marketech Defendants' motion to dismiss [46] is denied without prejudice to renewal following jurisdictional discovery. This case is set for status hearing on March 6, 2018. The parties are directed to file a proposed schedule for jurisdictional discovery no later than March 1, 2018.

Dated: February 12, 2018

_____
Robert M. Dow, Jr.
United States District Judge